ASA D. MCCULLOUGH, APPELLEE, v. WILLIAM DUNN, APPELLANT.

FILED FEBRUARY 20, 1909.   No. 15,479.

1. Sales: BREACH OF WARRANTY: PLEADING: VARIANCE. In an action to recover on a warranty that a horse sold by defendant to plaintiff was sound, plaintiff alleged that the horse was suffering from a disease or defect of the back, the evidence indicating that the trouble was azoturia, a disease of the stomach, liver and kidneys. *Held,* Not such a variance as will require a reversal of a judgment in favor of the plaintiff, it not appearing that defendant was prejudiced by plaintiff's failure to allege azoturia as the horse's disease.

2. ———: ———: EVIDENCE. The testimony of a witness, otherwise admissible, who observed certain symptoms showing that a certain horse was diseased, although he was unable to identify it as the horse in controversy, is admissible in evidence, and will be permitted to stand in the record if the horse he observed is identified as the one in controversy by other witnesses.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*Byron Clark* and *C. E. Tefft,* for appellant.

*Matthew Gering, contra.*

EPPERSON, C.

Plaintiff sued to recover $152.50 paid by him as the purchase price for a horse bought of defendant, who, it is

alleged, warranted the horse to be perfectly sound in every way and free from disease or defect. The facts, according to plaintiff's evidence, stated generally are as follows: At an auction sale, conducted by the defendant for himself, the horse in controversy was offered for sale. The plaintiff, desiring to buy, asked the defendant if the horse was sound; if he would work in harness. To which the defendant replied, "Yes, this horse is sound, and if he ain't right we will make him right," and "We are selling that horse under a guarantee. We guarantee everything but his age," and "Ace, you can't go wrong on him. I am selling him absolutely sound, and I will give a full guarantee." Defendant also handed the plaintiff a card, giving a description of the horse, and a memorandum of the sale, on which it is stated: "This horse is sold sound." A few hours after the sale, and after traveling but a few miles, the horse showed symptoms of disease, which rapidly developed, resulting in death four days later.

Veterinarians who testified at the trial seem to have agreed that the ailment of the horse was azoturia, which is a disease of the liver, kidneys and stomach. And it is contended that, as this fact is established with reasonable certainty, the allegations of the petition are not supported by the evidence, in that the petition alleges an affliction of the back. Under the circumstances of this case this variance is not such as would require a reversal of the judgment, nor a defeat of the plaintiff's petition. The disease testified to was the disease with which the horse died. It is not urged by the defendant that he is not liable because the horse had azoturia instead of an affliction of the back. The real question to be determined is whether or not the horse was sound when purchased by the plaintiff. Had the defendant only warranted that the horse had no affliction of the back, the defendant's present contention might well be considered. This disease was made apparent to the plaintiff by symptoms of a weak back. The plaintiff evidently alleged, as best he could, the trouble with the horse as he observed it.

A disinterested witness observed that a horse sold at the auction by the defendant "seemed to be affected in the back." He does not identify this as the horse purchased by the plaintiff, but the horse which he observed was by other witnesses identified as the one here in controversy. The introduction of his testimony is objected to, and also an instruction wherein the court told the jury that they should disregard the evidence of this witness unless they should find that the horse which he observed was the horse purchased by the plaintiff. It cannot be considered that this instruction made the jurors judges of the competency of the evidence. The instruction might as well not have been given, but it is surely not prejudicial to the defendant. Evidently the jury, in the absence of such an instruction, would have disregarded the witness' testimony, unless they were satisfied that it related to the horse in controversy.

Several other errors are assigned, all of which we have examined and, failing to find therein any prejudicial error, we recommend that the judgment be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the lower court is

AFFIRMED.